IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BRANDON RAMAI

    Plaintiff,

                              CASE NO.:

-vs-

WAFFLE HOUSE, INC.
AND UNKNOWN STORE MANAGER

    Defendant.
_____/

## COMPLAINT

Plaintiff, BRANDON RAMAI, by and through his undersigned attorneys, sues Defendant, WAFFLE HOUSE INC. ("WAFFLE HOUSE") and alleges:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. At all times material hereto, Plaintiff, BRANDON RAMAI ("RAMAI") was a resident of Orange County, Florida.

3. At all times material hereto, the Defendant, WAFFLE HOUSE, was authorized and doing business at 11244 E. Dr. Martin Luther King Jr. Blvd., in Seffner, Hillsborough County, FL.

4. At all times material hereto, Defendant, UNKNOWN STORE MANAGER was a resident of Hillsbrough County, Florida.

5. At all times material hereto, Defendant, UNKNOWN STORE MANAGER, was employed by Defendant, WAFFLE HOUSE as a store manager.

6. On March 17, 2019, RAMAI, was a business invitee at WAFFLE HOUSE when he was stabbed multiple times by an intoxicated and rowdy patron who had been causing disturbances for over 45 minutes without being escorted off the property.

## COUNT I: PLAINTIFF'S CLAIM OF NEGLIGENT HIRING, TRAINING, AND RETENTION AGAINST WAFFLE HOUSE

7. The Plaintiff realleges paragraphs 1 through 6 as stated above.

8. At all times material hereto, the Defendant, WAFFLE HOUSE, owed a duty to the Plaintiff as a business invitee, to take ordinary and reasonable care to keep its premises reasonably safe for invitees, and to warn of any perils that were known or should have been known to the owner and of which the invitee could not discover, as the Plaintiff, who was a patron at the restaurant, was in the "zone of risk" of being harmed by improperly hired or trained personnel.

9. The Defendant, WAFFLE HOUSE, breached its duty of care to Plaintiff in one or more of the following ways, any one of which was a departure from the accepted standard of care:

   a. By failing to make an appropriate investigation into the personnel before hiring them.

   b. By failing to become aware of the unsuitability of its personnel for their particular job duties or for employment in general.

   c. By failing to adequately train its personnel on how to interact with patrons.

   d. By failing to adequately train its personnel on how to perform their job duties.

   e. By failing to adequately train its personnel on how to deal with patrons who are injured while on the premises.

f. By failing to terminate its personnel once it became aware of their unfitness for their particular job functions and for employment in general.

g. By failing to take appropriate action against its personnel once it became aware of their inability to perform their job functions as part of the security team safely.

h. By failing to adequately investigate its personnel once it became aware of their inability to perform their job duties as part of the security team safely.

i. By failing to reassign members of its security team once it became aware of their inability to perform their job duties safely.

j. By failing to warn its patrons of the dangers of their unfit security staff.

10. Defendant knew, or in the exercise of reasonable care should have known, that the premises and the area immediately surrounding its premises was a high crime area, that there had been numerous similar criminal acts and attacks perpetrated on the public in said areas, and that such criminal acts and attacks were reasonably likely to be perpetrated on business invitees of the Defendant unless Defendant took steps to provide proper security for such individuals.

11. The Defendant knew, or in the exercise of reasonable care should have known, that no individual, including the plaintiff had it within their own power to take the measures necessary to provide for their own security on the premises.

12. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury, suffered pain and suffering therefrom, and incurred medical expense in the treatment of the injury. The injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff demands judgment against the Defendant, WAFFLE HOUSE, INC., in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and attorney's fees,

and any further relief deemed just and proper under the circumstances and hereby respectfully requests a trial by jury on all issues so triable.

### COUNT II: PLAINTIFF CLAIM OF NEGLIGENT SECURITY AGAINST UNKNOWN STORE MANAGER

Plaintiff, RAMAI, reiterates and realleges paragraphs 1 through 12 as if more fully set forth sherein and further alleges:

13. At all times material hereto, Defendant, UNKNOWN STORE MANAGER, as manager of said store referred to in numbered paragraph 5 above, was in control of said business premises and as such owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises.

14. Being in control of said business premises, Defendant, UNKNOWN STORE MANAGER, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the premises in such a manner as to avoid injury or damages to business invitees, such as Plaintiff.

15. Defendant, UNKNOWN STORE MANAGER, negligently failed to exercise reasonable care relating to the said premises, while under his control in that he failed to take reasonable precautions to maintain said premises in a safe condition.

16. Among the duties of Defendant as being the person in control of the premises referred to in numbered paragraphs 5 and 6 above, was to conduct, personally or through those under his control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous hazards from the property including intoxicated and unruly guests.

17. As a direct and proximate result of the failure of Defendant, UKNOWN STORE MANAGER, while being in control of said business premises referred to in numbered paragraphs 5 and 6 above, to keep the premises free from dangerous conditions that might foreseeably give rise to loss, injury or damage, said Defendant acted negligently by failing to exercise reasonable care in the maintenance, inspection, warning or mode of operation of said business premises, resulting in Plaintiff suffering injuries and damages as a result of the dangerous condition on floor.

18. As a direct and proximate result of the negligence of Defendant, UNKNOWN STORE MANAGER, as above alleged, Plaintiff, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, mental anguish, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and divers other expenses.

19. The injuries sustained by Plaintiff, RAMAI, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, RAMAI, demands judgment against the Defendant, UNKNOWN STORE MANAGER, in an amount in excess of Fifteen Thousand ($15,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 20th day of August, 2019.

/s/ *Joseph A. Kopacz*
Joseph A. Kopacz, Esquire
Morgan & Morgan Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0046789
Attorney for Plaintiff